FOSTER *v.* JOHNSON AUTOMATIC SEALER CO.

1. BILLS AND NOTES—INDORSER — NOTICE — NECESSARY STEPS TO
   CHARGE INDORSER.
   Presentment of notes for payment and notice of nonpayment are necessary steps to charge the indorser, unless they are waived.[1]

2. SAME—WHEN PRESENTMENT NOT AN IDLE CEREMONY—WAIVER.
   Where the maker was solvent at the time of the maturity of notes indorsed and sold by the payee, and there is nothing in the record to indicate that they would not have been paid if presented for payment at that time, there is no merit in the contention of the purchaser that their presentment would have been an idle ceremony.[2]

3. SAME—NOTICE—WAIVER.
   Where the payee and indorser of notes sold by it to the wife of the president of the maker consented to act as collector so that the maker might not know who was the real owner, but the notes were not in the indorser's possession, were not entered on its books and its employee in charge of the collection merely received payments on open account and did not know when the notes became due, it cannot be said that the indorser knew that the notes were not presented for payment and that presentment was waived.[3]

4. SAME—WHEN INDORSER DISCHARGED.
   Failure to present notes for payment and to give notice of nonpayment discharged the indorser from liability.[4]

Error to Calhoun; North (Walter H.), J.    Submitted January 19, 1926.    (Docket No. 81.)    Decided March 20, 1926.

Assumpsit by Bertha E. Foster against the Johnson Automatic Sealer Company, Limited, on certain

---

[1]Bills and Notes, 8 C. J. §§ 739, 895, 977; [2]Id., 8 C. J. § 959; [3]Id., 8 C. J. § 983; [4]Id., 8 C. J. §§ 739, 895.

promissory notes.  Judgment for defendant.  Plaintiff brings error.  Affirmed.

*Leland H. Sabin,* for appellant.

*Bernard J. Onen (George W. Mechem,* of counsel), for appellee.

McDONALD, J.  This action was brought to recover a balance due on three promissory notes given by the Jersey City Cereal Food Company to the Johnson Automatic Sealer Company, and sold to the plaintiff before maturity.  Two of the notes are for $6,000 each, and are dated February 15, 1921, payable in 75 days and 100 days from date.  The other note is for $5,000, dated February 15, 1921, and payable 120 days from date.  All three notes bear the unqualified indorsement of the Johnson Automatic Sealer Company and were payable at Battle Creek, Michigan.  The Jersey City Cereal Food Company is a corporation with its principal offices at Cereal, Pennsylvania.  The Johnson Automatic Sealer Company, Ltd., is a corporation of Battle Creek, Michigan.  The plaintiff is the wife of R. J. Foster, who at the time of the transaction was president of the Jersey City Cereal Food Company.  This company had purchased machinery of the defendant, Johnson Automatic Sealer Company, and in February, 1921, was indebted to it in the sum of $28,400 which was then past due.  Notes, including the three in suit, were given in partial payment of this indebtedness.  The balance of about $6,000 was left in open account.  The defendant, Johnson Automatic Sealer Company, wanted the money.  Mr. Bent, chairman of the board and active in the management of that company, conferred with Mr. Foster, who was then staying in Battle Creek for treatment at the sanitarium.  An agreement was reached by which Mr. Foster, acting for his wife, the plaintiff, pur-

chased the $28,400 obligation of his company for $26,000. This transaction included the three notes in question which were transferred to Mrs. Foster, indorsed in blank by the defendant company. Foster and his wife were both heavy stockholders in the Jersey City Cereal Food Company. He was its president. He said that he did not want his company to know that Mrs. Foster held the notes and had an assignment of its indebtedness to the defendant because it might not pay so promptly. To keep knowledge of that fact from the Jersey City Cereal Food Company, he arranged with the defendant to make the collections for him as though it still owned the obligation. In accordance with this arrangement payments were made from time to time to the defendant and the money so received was turned over to Foster. At the time of this suit the $28,400 indebtedness had been reduced to $15,000, which amount with interest of $2,430.27 represents the balance due on the three notes. Payments ceased when the Jersey City Cereal Food Company went into the hands of a receiver. The notes in suit were not presented for payment on their due dates, were not protested, and no notice of nonpayment given to the defendant. The plaintiff's suit is on the theory that the defendant is liable on its unrestricted indorsement of the notes under an implied waiver of presentment and notice of nonpayment. The theory of the defense is that the defendant was released and discharged by failure of the holder to present the notes for payment to the maker and to give defendant notice of dishonor. The issue was tried before the circuit judge without a jury. He made written findings of fact and law on which he entered a judgment for the defendant. The plaintiff proposed certain findings which the court refused. To this refusal and to the findings made, the plaintiff filed exceptions.

The question in this case is whether or not the defendant is released of its liability as indorser by failure of the plaintiff to present these notes to the maker when they became due, and to notify the defendant of their nonpayment. Presentment for payment and notice of nonpayment are necessary steps to charge the indorser. But they may be waived. It is not here claimed that there was an express waiver by the defendant, but it is claimed that there was an implied waiver because of an arrangement made at the time the notes were purchased, that they should be collected by the indorser; that the indorser was agent for the plaintiff in the collection of the notes; that he knew they were not paid on their due dates; that he knew they would not be paid; and that, under the circumstances known to the indorser, the presentment of the notes for payment would have been an idle ceremony. If the indorser had possession of the notes for collection as agent for the plaintiff, there would be much merit in the contention that he knew they were not paid at maturity, and under such circumstances would not be entitled to further notice as indorser. But the indorser did not have the notes. They were in possession of the plaintiff's husband, who was handling the business for her. He did not present them and did not request that the indorser attend to that matter for him. The arrangement for the collection of the notes was nothing more than an agreement to receive payments and turn them over to Mr. Foster. This was to be done through Mr. Marshall, an employee of the indorser. If the indorser had any knowledge of the state of affairs when the notes became due, it would be on the theory that it should be charged with the knowledge that Mr. Marshall had. So it becomes important to inquire what Mr. Marshall knew about the business in hand. He was not handling the notes, at least not until after

they became due.    From that time on everything that
he did in connection with the notes was done under
Mr. Foster's directions.    It was not part of the agree-
ment that he should present them for payment.    Be-
fore their maturity he was receiving payments for
Foster on the open account.    He testifies that he did
not know when the notes were due, did not know the
amounts and did not know how they had been in-
dorsed.    The notes were not entered on the books
of his company.    If he did not know when the notes
became due it cannot be said that he knew that they
were not presented for payment.    Neither can it be
said that Marshall or the defendant indorser knew that
the notes were not to be paid when due.    There
was no arrangement or understanding with Foster or
with the maker that they would not be paid at
maturity.    The maker was solvent at that time and
there is nothing in the record indicating that the notes
would not have been paid if they had been presented.
Therefore, there is no ground for the claim that pre-
sentment would have been an idle ceremony.    We
find nothing in the circumstances under which the
indorser was collecting the $28,400 account sold to the
plaintiff that would constitute a waiver of present-
ment of these notes and notice of their dishonor.    We
are impressed by the testimony that Mr. Foster, act-
ing for the plaintiff, never intended to present the
notes for payment, and that his intention was not
made known to the indorser; that before the maturity
of the notes, he did not intend to hold the defendant
as indorser; that his intention to do so was an after-
thought which came to him when the maker went into
the hands of a receiver.    He was a man of large
business experience, but did not handle this as such
a business transaction should have been handled, be-
cause he wanted to keep knowledge of the fact that
his wife owned these notes from the maker, and did

not want to press for payment the company in which he was so heavily financially interested. As there was no waiver, failure to present the notes for payment and to give notice of nonpayment discharged the indorser.

No other questions require discussion.

The judgment of the circuit court is affirmed, with costs to the defendant.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred. BIRD, C. J., did not sit.